# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RC, on behalf of his daughter, SC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Miscellaneous Action No. 13-00019-N |
| | ) |
| BALDWIN COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff RC, the father of a daughter with a disability, SC, asserting he is a prevailing party pursuant to the Individuals with Disability Education Act, 20 U.S.C. § 1400, *et seq.* (the "IDEA"), *see* 20 U.S.C. § 1415(i)(3)(B)(i)(I), has filed a miscellaneous action in this Court. The only document in the action is a motion for attorneys' fees. (*See generally* Doc. 1.)

First, it does appear that a federal court has jurisdiction, pursuant to 28 U.S.C. § 1331, over "a cause of action for parents to recover attorneys' fees" under the IDEA. *E.g., Robert v. Cobb Cnty. Sch. Dist.*, 279 Fed. App'x 798, 800 (11th Cir. May 28, 2008) (per curiam) ("20 U.S.C. § 1415(i)(3)(A) confers jurisdiction over IDEA actions to district courts, and § 1415(i)(3)(B)(i)(I) creates a cause of action for parents to recover attorneys' fees." (citing § 1415(i)(3)(B)(i)(I) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."))). Parents need only prevail in an IDEA

administrative action, not also in a lawsuit filed because of that action, to be prevailing parties and entitled to attorneys' fees under the IDEA. *See Mitten v. Muscogee Cnty. Sch. Dist.*, 877 F.2d 932, 935 (11th Cir. 1989). And, as the Eleventh Circuit held in *Robert*, any "question concerning the validity of the [underlying administrative] proceeding goes to the merits of plaintiffs' attorneys' fees claim but does not defeat the district court's power to adjudicate the claim." *Id.* (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional **power** to adjudicate the case." (emphasis in original))); *see also id.* (because "Plaintiffs' **complaint stated a claim** under 20 U.S.C. § 1415(i)(3)(B) . . . [it was] sufficient to vest the district court with jurisdiction under 28 U.S.C. § 1331." (emphasis added) (citing *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308 (11th Cir. 2001) ("Under [28 U.S.C. § 1331], federal courts have federal-question jurisdiction over suits in which a ***well-pleaded complaint establishes*** . . . that federal law creates the cause of action . . . .") (internal citation omitted and emphasis added)))).

There is, however, a problem with this action as filed: it has been filed as a miscellaneous action, instead of as a civil case. That difference is not inconsequential. Miscellaneous actions typically do not exist independently. Rather, their use is reserved to matters filed with the court that are not properly considered to be independent civil or criminal cases, but are, instead, administrative and directly or indirectly related to a civil or criminal case. *E.g.,*

2

registration of a judgment entered in another district. *See, e.g., Bernhard v. BCN Recovery*, No. 10-1075, 2010 WL 2179795 (C.D. Ill. June 1, 2010) ("[T]he usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to [28 U.S.C. §] 1963, then to seek a writ of execution in that district.") RC's request for attorneys' fees is not related to, for example, the appeal of the administrative action to this Court. It is, instead, an "independent claim" that should have been raised in a complaint filed in a new civil case. *See, e.g., Matthew V. ex rel. Craig V. v. Dekalb Cnty. Sch. Sys.*, 244 F. Supp. 2d 1331, 1335 (N.D. Ga. 2003) ("Parents may bring an ***independent*** claim for attorney's fees in a district court after their child prevails before a state ALJ . . . . [A]n ***independent*** claim for attorneys' fees places the district court in its ***more usual trial court role***." (citations omitted and emphasis added)).

Accordingly, the Clerk is **DIRECTED** to **CLOSE** this miscellaneous action and **REFUND** to RC the fee paid for the filing of this action. RC may then file an independent civil case in this Court, if he so chooses.[1]

**DONE** and **ORDERED** this the 15th day of November, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Indeed, RC's counsel, Mr. Sears, has previously done that very thing in this Court. *See generally Dickerson ex rel. Ingram v. Brodgen*, 80 F. Supp. 2d 1319 (S.D. Ala. 1999) (action for attorneys' fees filed ***via a complaint*** (*see* Civil Action No. 99-00418-RV-S, Doc. 1) after an administrative hearing officer found that the Conecuh County Board of Education failed to provide plaintiff's son with a free, appropriate education as required by the IDEA); *see also id.* at 1322-23 (concluding "that the two-year period of limitations set forth in Alabama Code § 6–2–38(*l*) should be applied to ***actions*** brought in Alabama for attorneys' fees under section 1415(i)(3)(B) of the IDEA" (emphasis added)).